```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/26/2025__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUINTIN J. BALLENTINE,

                         Plaintiff,

-against-

POST GRADUATE CENTER FOR MENTAL HEALTH and JACOB BARAK,

                         Defendants.

25 Civ. 515 (AT)

**ORDER OF SERVICE**

---

ANALISA TORRES, United States District Judge:

      Plaintiff *pro se*, Quintin J. Ballentine, brings this action against Defendants, the Postgraduate Center for Mental Health ("PCMH") and its Chief Executive Officer, Jacob Barak, asserting claims for damages and injunctive relief under "Title 18, USC Section 844(h), Title 42, U.S.C. Section 3631, [and the] ADA act of 1990, as Amended." ECF No. 1-1 at 3. The Court construes Plaintiff's complaint and the attached report to the U.S. Department of Justice's Civil Rights Division as asserting claims of disability-based housing discrimination under the Fair Housing Act, possible claims of disability discrimination under the Rehabilitation Act, and claims of disability-based housing discrimination under the New York State and City Human Rights Laws.

      By order dated January 22, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service (the "USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

      To allow Plaintiff to effect service on Defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue a summons for each Defendant and to deliver to the USMS all the paperwork necessary for the USMS to effect service upon each Defendant.

      If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is a plaintiff's responsibility to request an extension of time for

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Court respectfully directs the Clerk of Court to mail an information package to Plaintiff. The Court also directs service on Defendants. The Court further directs the Clerk of Court to: (1) issue summonses for the Postgraduate Center for Mental Health and Jacob Barak; (2) complete USM-285 forms with the service address for each Defendant; and (3) deliver all documents necessary to effect service of a summons and the complaint upon each Defendant to the USMS.

SO ORDERED.

Dated: February 26, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. The Postgraduate Center for Mental Health
   158 East 35th Street
   New York, New York 10016

2. Jacob Barak, Chief Executive Officer
   The Postgraduate Center for Mental Health
   158 East 35th Street
   New York, New York 10016