```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/3/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINTIN J. BALLENTINE,

        Plaintiff,

-against-

JACOB BARAK and POST GRADUATE CENTER FOR MENTAL HEALTH,

        Defendants.

25-CV-515 (AT) (BCM)

**ORDER OF SERVICE**

**BARBARA MOSES, United States Magistrate Judge.**

The Court is in receipt of plaintiff's request that the Court provide him with pro bono counsel. (Dkt. 14.)

In civil cases like this one (unlike criminal cases), there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead, may only "request," pursuant to 28 U.S.C. § 1915(e)(1), that an attorney volunteer to represent that litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, in order to preserve the "precious commodity" of volunteer-lawyer time for the cases in which representation is most crucial. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, plaintiff must demonstrate that his claim has substance or a

likelihood of success. *See Hodge*, 802 F.2d at 60-61. Thus, as noted on the application form that plaintiff filled out, "[R]equests for pro bono counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case." Pro Bono Counsel App. at ECF p. 1 (¶ 2). The Court must also be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not request that pro bono attorneys be appointed indiscriminately. *Cooper*, 877 F.2d at 172.

Here, plaintiff's Amended Complaint has not even been served, much less tested on the merits. A more fully developed record will be necessary before it can be determined whether plaintiff's chances of success warrant the appointment of counsel. Accordingly, it is hereby ORDERED that plaintiff's Pro Bono Application is DENIED without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

The Clerk of Court is respectfully directed to close the motion at Dkt. 14.

Dated: New York, New York  
April 3, 2025

**SO ORDERED.**

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**