_____

_____

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X.        AMENDED COMPLAINT

JURY TRIAL DEMANDED

QUINTIN J. BALLENTINE, Plaintiff,                    **1:25-cv-00515-AT-BCM**

v. POSTGRADUATE CENTER FOR MENTAL HEALTH

 and JACOB BARAK, Defendants.

-------------------------------------------------------------------X

1. Plaintiff Quintin J. Ballentine brings this action pursuant to the First and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983, the Fair Housing Act (42 U.S.C. § 3601 et seq.), and related federal and state laws to redress persistent and retaliatory abuse, discriminatory treatment, defamation, breach of contract, and coercion experienced while a resident at the Postgraduate Center for Mental Health's ("PCMH") facility located at 2681 Marion Avenue, Bronx, NY from July 2019 to March 2025.

2. Plaintiff seeks compensatory, punitive, and injunctive relief for systemic violations of his civil and human rights, including constructive eviction, fabrication of medical records, retaliatory use of psychiatric services and police, and deliberate indifference to his well-being and protected advocacy.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 3604, 3617, and the First and Fourteenth Amendments.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within the Southern District of New York.

## III. PARTIES

5. Plaintiff, Quintin J. Ballentine, is a resident of New York State and was a tenant at 2681 Marion Avenue, Bronx, NY from July 2019 to March 2025.

6. Defendant Postgraduate Center for Mental Health is a nonprofit organization operating supportive housing programs in New York City, including the Marion Avenue residence.

7. Defendant Jacob Barak is the CEO of PCMH and is sued in his individual and official capacity.

## IV. STATEMENT OF FACTS

8. Plaintiff entered PCMH's housing program in July 2019 following the death of his grandmother and subsequent homelessness. Though struggling with mental health challenges, Plaintiff was high-functioning and actively engaged in treatment.

9. Early interactions with staff, including then-director Jacqueline Peretz, were cordial. However, the supportive housing environment quickly deteriorated into a coercive and hostile setting.

10. Plaintiff's advocacy for himself and others, including objections to mistreatment, was met with retaliation including:

False accusations of violence and psychosis;

Falsified psychiatric records alleging schizophrenia and aggression;

Targeted police wellness checks and forced hospitalizations;

Denial of reasonable requests and degradation by staff.

11. On one occasion, Ms. Peretz falsely claimed Plaintiff had "lunged" at her and called 911. Plaintiff was not in the building or even the borough at the time. Surveillance footage later confirmed his absence, but no disciplinary action was taken against the staff for the false report.

12. Repeated incidents of similar abuse occurred, culminating in at least three hospitalizations based solely on staff reports. Plaintiff's requests for review or advocacy were ignored.

13. Plaintiff also witnessed multiple overdoses and deaths of residents due to lack of care and systemic indifference by staff, who discouraged or punished complaints.

14. Staff members who supported residents were allegedly terminated or disciplined for whistleblowing.

15. Due to this ongoing abuse and fear for his psychological safety, Plaintiff vacated the facility in March 2025. Though PCMH labels this a "voluntary discharge," Plaintiff asserts he was constructively evicted under duress.

V. CAUSES OF ACTION

Count I: Violation of First Amendment (42 U.S.C. § 1983)

16. Defendants retaliated against Plaintiff for exercising protected speech and advocacy.

17. Although PCMH is a private entity, its actions were taken under color of state law via its public contracts, funding, and regulatory obligations.

18. The use of police and psychiatric detention as tools of retaliation violates the First Amendment.

Count II: Violation of Fourteenth Amendment – Due Process and Stigma-Plus (42 U.S.C. § 1983)

19. Defendants falsified psychiatric records, undermining Plaintiff's credibility and dignity, resulting in reputational harm and tangible deprivation of housing and services.

20. This constitutes a stigma-plus violation under Velez v. Levy, 401 F.3d 75 (2d Cir. 2005).

Count III: Fair Housing Act – Discrimination and Retaliation (42 U.S.C. §§ 3604, 3617)

21. Defendants discriminated against Plaintiff on the basis of disability and retaliated against his protected activities under the Fair Housing Act.

22. Constructive eviction and hostile housing environment are actionable under Koch, 352 F. Supp. 2d 970, and Stone v. 23rd Chelsea Assocs., 2020 U.S. Dist. LEXIS 55411.

Count IV: Constructive Eviction

23. Defendants created conditions so intolerable that Plaintiff was forced to leave his home, despite having no alternative housing, constituting a constructive eviction.

Count V: Breach of Contract and Violation of Rights of OMH Outpatients

24. Plaintiff entered into a valid and enforceable Occupancy Agreement, Sublease, and Permanent Housing Service Agreement with PCMH as a condition of his residency.

25. These agreements required PCMH to provide habitable housing, access to mental health services, respect, and participation in service planning.

26. PCMH is also bound by the Rights of Recipients of Mental Health Services under 14 NYCRR Part 527.5 and the New York Mental Hygiene Law § 33.01 et seq.

27. PCMH materially breached these agreements by:

Denying services or misusing them punitively;

Falsifying records contrary to medical ethics and statutory rights;

Retaliating against Plaintiff for attempting to advocate;

Coercive use of wellness checks and psychiatric admissions;

Failing to maintain a safe and supportive environment.

28. Plaintiff was denied the Right to be treated with dignity, the Right to participate in planning, and the Right to be free from abuse, as required under OMH rules.

29. These violations resulted in constructive eviction, psychological harm, loss of services, and damage to Plaintiff's medical and legal records.

## VI. DAMAGES

30. Plaintiff has suffered emotional distress, trauma, reputational harm, psychiatric deterioration, and financial losses as a direct result of Defendants' conduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in the amount of $3,300,000.00; B. Award punitive damages to deter future misconduct; C. Grant injunctive relief mandating:

1. Correction of false records;

2. Independent oversight of PCMH facilities;

3. Staff training and accountability reforms .

Declare Defendants' conduct unlawful under the Constitution and federal law; Grant such other and further relief as this Court deems just and proper

Respectfully Submitted,

Dated: 6/1/2025

New York, NY

Quintin J. Ballentine

Plaintiff, Pro Se

99 Wall Street Ste. 3320

New York, NY, 10005

Email: ballentineqj@yahoo.com

Phone: 347 797 7213