UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINTIN J. BALLENTINE,

        Plaintiff,

-against-

JACOB BARAK and POST GRADUATE CENTER FOR MENTAL HEALTH,

        Defendants.

25-CV-515 (AT) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/6/2025

**BARBARA MOSES, United States Magistrate Judge.**

The Court is in receipt of plaintiff's October 1, 2025 letter, raising "concerns that Magistrate Judge Barbara Moses has, in the handling of this case, created an appearance of prejudice and favoritism toward the defendants." (Dkt. 51 at 1.) Although plaintiff "make[s] no conclusory accusations" (and does not identify the nature of his concerns), he also requests "consideration under 28 U.S.C. § 455(a) (disqualification where impartiality might reasonably be questioned) and Canon 2 and Canon 3 of the Code of Conduct for United States Judges (avoiding impropriety and the appearance of impropriety; performing duties fairly and impartially)," and further requests "any relief the Court deems appropriate, including referral or other action consistent with § 455 and the governing rules." (*Id*. at 1-2.) I therefore construe plaintiff's letter as a motion to recuse me pursuant to 28 U.S.C. § 455(a).[1]

Recusal motions are determined, in the first instance, by the judge whose recusal is sought. *See* 28 U.S.C. § 455(a)-(b) (requiring any justice, judge, or magistrate judge of the United States

---

[1] As the Court of Appeals has "made clear," recusal motions "are to be made 'at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.'" *Gil Enters., Inc. v. Delvy*, 79 F.3d 241, 247 (2d Cir. 1996) (quoting *Apple v. Jewish Hosp. and Medical Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)); *accord United States v. Brooks*, 55 F. Supp. 3d 247, 251-52 (E.D.N.Y. 2014); *United States v. Anson*, 2007 WL 119151, at *7 (W.D.N.Y. Jan. 10, 2007). Thus, a party's "failure to timely move for recusal," while the matter remains pending before the allegedly biased judge, may be deemed a waiver of that challenge. *United States v. Burke*, 756 F. App'x 93, 95 (2d Cir. 2019) (summary order).

to "disqualify himself" if certain conditions are met); *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 70, 75 (S.D.N.Y. 2001) ("If section 455 applies, the judge must recuse herself.") A judge's bias or prejudice may arise from extrajudicial sources or from a "favorable or unfavorable predisposition," if the predisposition "is so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," because "they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* at 554-55. The inquiry is whether "an objective, disinterested observer fully informed of the underlying facts" would "entertain significant doubt that justice would be done absent recusal." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).

In this case, plaintiff has supplied no basis (arising from an extrajudicial source or otherwise) for recusal. Consequently, the motion at Dkt. 51 is DENIED.

Dated: New York, New York
       October 6, 2025            **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**