UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUINTIN J. BALLENTINE, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED:  _3/30/2026___ |

QUINTIN J. BALLENTINE,

Plaintiff,

-against-                                                   25 Civ. 515 (AT) (BCM)

POST GRADUATE CENTER FOR MENTAL HEALTH
and JACOB BARAK,                                            **ORDER**

Defendants.

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Quintin J. Ballentine, brings this action against Postgraduate Center for Mental Health ("PCMH") and PCMH's Chief Executive Officer, Jacob Barak, (collectively, "Defendants"), alleging that Defendants conducted baseless police-involved wellness checks and involuntary psychiatric removals from the facility, threatened to discharge him, and denied him services when he resided at PCMH's mental health housing facility from July 2019 to March 2025. *See generally* Second Amended Complaint ("SAC"), ECF No. 21. Ballentine asserts claims under (1) 42 U.S.C. § 1983, for alleged violations of his First and Fourteenth Amendment rights; (2) the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*; and (3) state law, for constructive eviction and breach of contract. *See generally id.* Before the Court is Defendants' motion to dismiss for failure to state a claim. *See* Mot., ECF No. 34; Mem., ECF No. 36; Opp. I, ECF No. 40; Opp. II, ECF No. 41; Reply, ECF No. 45. Pursuant to an order of reference, the Honorable Barbara C. Moses issued a report (the "R&R") recommending that the Court grant Defendants' motion. *See* ECF No. 37 (amended order of reference); R&R at 1, ECF No. 54; *see also* Objs., ECF No. 60; Resp., ECF No. 63. For the reasons stated below, the Court overrules Ballentine's objections, adopts the R&R except as otherwise stated, and grants Defendants' motions to dismiss.

**DISCUSSION**

I.    Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which the objection is made.  *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) ("Where a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." (quotation omitted)).  However, the Court reviews for clear error "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (citation omitted).  Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

A *pro se* party is "generally accorded leniency," and their objections are "construed to 'raise the strongest arguments they suggest.'" *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (citing *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)).  "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate[ judge's] proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023,

2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.     Ballentine's Objections

A.  Section 1983 Claims

Ballentine raises two categories of objections to Judge Moses' conclusion that he fails to state claims under § 1983 for alleged violations of his First and Fourteenth Amendment rights. *See* R&R at 8–11.

First, Ballentine argues that Defendants "acted under color of state law" pursuant to § 1983 because they took "joint action with" the New York Police Department ("NYPD") and emergency medical services ("EMS") for an improper, retaliatory purpose, *id.* at 6–7 (Objs. II, III), and because PCMH's "[r]epeated, fabricated wellness checks triggered state seizures and hospitalizations," *id.* (Objs. II, VII). Because Ballentine raises specific objections to a legal conclusion in the R&R, the Court reviews the conclusion *de novo*.

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution and laws." *Kia P. v. McIntyre*, 235 F.3d 749, 755 (2d Cir. 2000) (internal quotation marks and citations omitted). The Court must, therefore, determine "whether the actions alleged by the plaintiff[] come within

3

the definition of under color of state law." *Id.* (cleaned up); *see also Hardy v. N.Y.C. Health &*

*Hosp. Corp.*, 164 F.3d 789, 795 (2d Cir. 1999) ("[T]he core purpose of § 1983 is to provide

compensatory relief to those deprived of their federal rights by state actors." (internal quotation

marks and citation omitted)).  Actions by private entities may be classified as state action under a

theory of "joint action" or a "close nexus test" where "the entity willfully participates in joint

activity with the state or its functions are entwined with state policies." *Megginson v. Bridge,*

*Inc.*, No. 21 Civ. 9626, 2021 WL 6064409, at *2 (S.D.N.Y. Dec. 22, 2021) (cleaned up).

Here, Ballentine does not allege any non-conclusory facts that support his argument that

Defendants took joint action with the NYPD or EMS.  Courts in this Circuit have "consistently"

declined to find that voluntary supportive housing entities, like PCMH, act under color of state

law merely because the entity operates under state contracts and regulations and, accordingly,

have dismissed § 1983 claims against such entities.  *Id.* at *2; *see also Murray v. N.Y.C. Dep't of*

*Corr.*, No. 13 Civ. 7090, 2016 WL 11395007, at *10 (E.D.N.Y. Aug. 18, 2016) ("[T]ransitional

housing facilities[] and the employees who work for them are not considered state actors under

section 1983."), *report and recommendation adopted*, 2016 WL 5928672 (E.D.N.Y. Sep. 30,

2016).  Courts in this Circuit have also declined to find liability against private entities like

PCMH when staff members call the police or emergency services, "even [if] for an improper

purpose."  *Rice v. City of New York*, 275 F. Supp. 3d 395, 404 (E.D.N.Y. 2017); *see Lurch v. Any*

*& All Drs. that Gave Ord. to Forcibly Injure Plaintiff & Any Staff that Assisted*, No. 25 Civ. 820,

2025 WL 2922806, at *4 (S.D.N.Y. Oct. 14, 2025) ("Defendant['s] . . . actions . . . contacting

emergency services for a mental health evaluation for Plaintiff . . .  are . . . not fairly attributable

to the state.  Seeking police assistance or furnishing information to law enforcement authorities,

who then exercise their own judgment, does not give rise to liability on the part of a private party

for false arrest, even if the information later proves to be false."). Ballentine thus fails to allege that Defendants acted under color of state law, and, therefore, fails to state claims under § 1983.

Next, Ballentine contends that he engaged in protected First Amendment activity by advocating for himself and other PCMH residents in light of alleged "systemic abuse, neglect, and mismanagement at the facility" and that PCMH conducted "fabricated wellness checks" in retaliation for his advocacy and in violation of his procedural due process rights. Objs. at 6–7, 8 (Objs. I, IV, VIII). Reviewing *de novo*, because Ballentine fails to establish that Defendants acted under the color of state law, his allegations fail to state a claim under § 1983.

Accordingly, Ballentine's objections are overruled, and the Court adopts Judge Moses' conclusion that Ballentine's § 1983 claims should be dismissed. Ballentine, who has already amended his complaint twice, does not identify how further amendment could cure the deficiencies identified in his § 1983 claims, and the Court agrees with Judge Moses that amendment would be futile. *See* R&R at 12. Therefore, the Court dismisses these claims with prejudice.

B.  FHA Claims

Next, Ballentine objects to Judge Moses' conclusion that his FHA claims should be dismissed. *See* R&R at 12–20. He argues that Defendants discriminated against him in violation of the FHA "due to [his] disability" by imposing harsher terms on him, including "wellness checks[,] removals, and threats," and by "denying [him] services," such as "housing assistance." Objs. at 7 (Obj. V). He also claims that these acts had a "retaliatory motive" and created a "hostile environment," with liability both to PCMH and to Barak, "via agency and supervisory knowledge." *Id.* (Objs. V, VI). The Court reviews Ballentine's objections to Judge Moses' legal conclusion *de novo*.[1]

---

[1] The parties do not dispute that Ballentine has a disability within the meaning of the FHA. *See* SAC ¶ 21; Reply at 5, ECF No. 45.

### 1. Discrimination

To bring a discrimination claim under the FHA, Ballentine must allege facts "showing that his disability was at least a motivating factor with regard to his allegations of discrimination" against Defendants. *Avila v. Acacia Network, Inc.*, No. 24 Civ. 884, 2024 WL 1659456, at *4 (S.D.N.Y. Apr. 15, 2024). Ballentine fails to make such a showing. At most, Ballentine claims that Defendants were aware of his protected status, but he "has not alleged that [Defendants] treated h[im] differently than others on that basis." *Evans v. Bronxworks, Inc.*, 24 Civ. 7507, 2025 WL 3469952, at *8 (S.D.N.Y. Dec. 3, 2025). His allegations that Defendants imposed "harsher terms on him" are conclusory and not supported by any showing that similarly situated residents at PCMH's facility were treated differently from him. *See Sutter v. Dibello*, No. 18 Civ. 817, 2021 WL 930459, at *21 (E.D.N.Y. Mar. 10, 2021) ("[A] plaintiff can raise an inference of discrimination by demonstrating the disparate treatment of at least one similarly situated [person] outside his protected group and sufficient facts from which it may reasonably be inferred that the plaintiff's and comparator's circumstances . . . bear a reasonably close resemblance." (quotation marks and citation omitted)). Ballentine's FHA discrimination claim, therefore, fails.

### 2. Retaliation

To bring a claim for retaliation under the FHA, a plaintiff must show: "(1) that they engaged in protected activity by opposing conduct prohibited under the FHA; (2) that defendants were aware of that activity; (3) that defendants subsequently took adverse action against plaintiffs; and (4) that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse action." *Lynn v. Vill. of Pomona*, 373 F. Supp. 2d 418, 432 (S.D.N.Y. 2005), *aff'd*, 212 F. App'x 38 (2d Cir. 2007).

Ballentine's claim that Defendants retaliated against him for "advocating against disability-based mistreatment," Objs. at 7, is vague, conclusory, and unsupported by factual allegations showing that he engaged in protected activity under the FHA. *Smith v. New Neighborhoods, Inc.*, No. 24 Civ. 327, 2025 WL 2615052, at *8 n.7 (D. Conn. Sep. 10, 2025) ("[T]his vague and conclusory allegation cannot make out an FHA retaliation claim."); *see* R&R at 15–16. In addition, Ballentine has not plausibly alleged causation. *See* R&R at 17. The Court rejects his argument that "[t]emporal proximity" between the "unfounded" wellness checks and removals from PCMH and the timing of his "advocacy" shows causation, Objs. at 7 (Obj. VI), because the SAC does not allege the timing of the purported retaliation and his advocacy, *see generally* SAC. Accordingly, Ballentine's FHA retaliation claim fails.

### 3.  Hostile Housing Environment

To prevail on a hostile housing environment claim under the FHA, Ballentine must plausibly allege "(1) that []he was subjected to harassment that was sufficiently pervasive and severe so as to create a hostile housing environment; (2) that the harassment was because of the plaintiff's membership in a protected class; and (3) that a basis exists for imputing the allegedly harassing conduct to the landlord." *A.L.M. ex rel. Moore v. Bd. of Managers of Vireum Schoolhouse Condo.*, No. 19-2771, 2021 WL 5121137, at *1 (2d Cir. Nov. 4, 2021) (summary order). Ballentine's vague and conclusory allegations that Defendants imposed "wellness checks, removals, [and] threats," Objs. at 7 (Obj. V), fail to establish a hostile housing environment. Such allegations fail to show that a particular event or continuous series of conduct created a hostile environment that was sufficiently pervasive and severe—Ballentine does not, for example, provide dates or details regarding the alleged harassment, but instead, merely states that wellness checks were "repeated." Objs. at 6; *cf. Alfano v. Costello*, 294 F.3d

365, 374 (2d Cir. 2002) ("[A] plaintiff alleging a hostile work environment must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment." (internal quotation marks and citation omitted)).  Neither does Ballentine claim that the alleged conduct was "because of [his] membership in a protected class." *A.L.M.*, 2021 WL 5121137, at *2.  Ballentine's hostile housing environment claim, therefore, fails.  Accordingly, Ballentine's objections are overruled, and the Court adopts Judge Moses' conclusion dismissing Ballentine's FHA claims.

The Court also finds no clear error in adopting Judge Moses' conclusion, to which neither party raised an objection, that Ballentine should be granted leave to replead his FHA claims within **30 days** of this order.  *See* R&R at 20–21.[2]

---

[2] In the R&R, Judge Moses advises Plaintiff to "provide dates for all of the allegedly unlawful conduct he describes," *see* R&R at 21, in light of the two-year statute of limitations under the FHA and the cases in this District where the Court has declined to apply a "continuing violation doctrine" to FHA claims when, for example, the plaintiff does not allege "multiple, specific, and ongoing acts of discrimination, on specific dates, as opposed to general assertions that the defendants engaged in discriminatory practices." *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 292 (S.D.N.Y. 2011).  Although the statute of limitations is an "affirmative defense," and "the defendant bears the burden of establishing by prima facie proof that the limitations period has expired since the plaintiff's claims accrued[,] . . . [i]f it appears from the face of a complaint that the claims are prima facie time-barred, the burden is on the plaintiff to 'plausibly alleg[e] that they fall within an exception to the applicable statute of limitations.'" *LG Cap. Funding, LLC v. ExeLED Holdings Inc.*, No. 17 Civ. 4006, 2024 WL 1116082, at *6 (S.D.N.Y. Mar. 13, 2024) (quoting *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 436 (S.D.N.Y. 2014), *aff'd*, 579 F. App'x 7 (2d Cir. 2014) (summary order)).  In the SAC, Ballentine alleges that he lived at a PCMH facility between July 2019 and March 2025.  *See* SAC ¶ 5.  Therefore, to the extent that he wishes to set forth unlawful conduct that occurred between a time period that appears to be outside the statute of limitations—that is, between July 2019 and January 16, 2023, two years before he brought this action— he is advised that alleging specific dates would aid him in amending his complaint to plausibly plead his FHA claims.  Ballentine is not, however, under any obligation to plead facts supporting or negating an affirmative defense.  Accordingly, the Court adopts Judge Moses' recommendation, subject to this limitation and clarification.

C.  State Law Claims

Ballentine raises three categories of arguments regarding Judge Moses' conclusion that his breach of contract and constructive eviction claims do not involve a discernible federal interest and that the Court should not exercise supplemental jurisdiction over those claims.  *See* R&R at 22; Objs. at 8–9.  Ballentine maintains that the wellness checks and removals (1) interfered with his quiet enjoyment of the PCMH facility and constructively evicted him, Objs. at 8 (Objs. IX–X); (2) constituted intentional and negligent infliction of emotional distress, *id.* at 8–9 (Objs. XI–XIV); and (3) breached an implied warranty of habitability, *id.* at 9 (Objs. XV–XVI).

Judge Moses did not reach the merits of Ballentine's state law claims and, instead, concluded that the Court should not exercise supplemental jurisdiction over the claims because Ballentine has failed to state any federal claims in this action.  *See* R&R at 21–22.  Because Ballentine does not specifically object to this conclusion and because his arguments relate only to the underlying merits of his state law claims, the Court reviews Judge Moses' conclusion regarding supplemental jurisdiction for clear error and finds none.  *See Oquendo*, 2014 WL 4160222, at *2.  The Court, therefore, in its discretion, agrees with Judge Moses and declines to exercise supplemental jurisdiction over Ballentine's state law claims because, as stated above, he fails to plausibly allege any federal claim.  *See Klein & Co. Futures v. Bd. of Trade of New York*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise [supplemental] jurisdiction over remaining state law claims.").  However, because the Court dismisses the state law claims without prejudice, Ballentine may reassert his state law claims if he amends his FHA claims.  *C.f. Brown v. Brooklyn Indus. LLC*, No. 13 Civ. 3695, 2015 WL

1726489, at \*3 (S.D.N.Y. Apr. 15, 2015) (finding that after declining to exercise supplemental jurisdiction, a dismissal without prejudice is appropriate).

## CONCLUSION

For the reasons stated above, Ballentine's objections are OVERRULED, and the Court ADOPTS the R&R unless otherwise stated. Defendants' motion to dismiss is GRANTED. By **April 29, 2026**, Ballentine may file a third amended complaint consistent with this order.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 34, 46.

SO ORDERED.

Dated:  March 30, 2026
          New York, New York

_____
ANALISA TORRES
United States District Judge

10