```
                                            USDC SDNY
                                            DOCUMENT
                                            ELECTRONICALLY FILED
                                            DOC #: _____
                                            DATE FILED:  05/07/26
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINTIN J. BALLENTINE,

        Plaintiff,

    -against-

JACOB BARAK and POST GRADUATE
CENTER FOR MENTAL HEALTH,

        Defendants.

25-CV-515 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On May 3, 2026, plaintiff filed his brief (Pl. Opp.) (Dkt. 73) in opposition to defendants' motion to dismiss.[1] On May 6, 2026, defendants filed a letter-motion to strike plaintiff's opposition brief on the ground that it exceeds the applicable word limit. Dkt. 75.

The Local Rules of the Southern District of New York limit a brief in response to a motion to 8,750 words, if the brief is prepared with a computer. *See* Local Civ. R. 7.1(c). Plaintiff's brief contains over 11,500 words, and is thus in violation of the rule.[2] He did not seek leave to file an overlength brief. Moreover, this Court previously reminded plaintiff – twice – about the applicable 8,750-word limit. *See* Dkts. 32, 43. On March 5, 2026, another of his filings was struck for failure to comply with the relevant word limit. *See* Dkt. 58.

---

[1] On May 4, 2026, plaintiff filed a duplicate copy of the same brief. Dkt. 74.

[2] At the end of the brief, plaintiff certified that: "according to the word-count tool in Microsoft Word, the Brief of Plaintiff consists of 10640 words, excluding footnotes. The Brief therefore complies with [COURT_RULES] and is within the [WORD_LIMIT] word limit." Pl. Opp. at 54 (bracketed text in original). In fact, the brief does *not* comply with the relevant court rule, which establishes an 8,750-word limit. Moreover, plaintiff should not have excluded the footnotes, because the rule "include[s] material contained in footnotes or endnotes." Local Civ. R. 7.1(c). Plaintiff is further advised that if he relies on templates or AI-generated text for any portion of his filings (as he clearly did here), he must personally review the final product for accuracy and completeness.

The Court therefore GRANTS defendants' letter-motion and STRIKES plaintiff's overlength opposition brief. If plaintiff wishes to oppose defendants' motion to dismiss, he must file a brief, no later than **May 21, 2026**, that does not exceed 8,750 words, including footnotes, but not including "the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates[.]" Local Civ. R. 7.1(c). Any words in excess of the first 8,750 will be disregarded. No later than **May 28, 2026**, defendants may file a reply brief, not to exceed 3,500 words. *See* Local Civ. R. 7.1(c).

The Clerk of Court is respectfully directed to close the motion at Dkt. 75 and strike the filings at Dkts. 73 and 74.

Dated: New York, New York
May 7, 2026                                    SO ORDERED.

**BARBARA MOSES**
**United States Magistrate Judge**

2